NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA FRANCISCO DIEGO; et al., | No. 23-701 |
| Petitioners, | Agency Nos. |
| v. | A202-070-473, A202-070-474, A202-070-475 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2024[**]
Pasadena, California

Before: CALLAHAN, WALLACH,[***] and DE ALBA, Circuit Judges.

Maria Francisco-Diego and her two minor children, natives and citizens of

Guatemala, petition for review of an order of the Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

(BIA) that dismissed their appeal of a decision by the Immigration Judge (IJ) denying Francisco-Diego's application[1] for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). "Our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023) (citation omitted). We review the BIA's "factual findings for substantial evidence." *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021) (internal quotation marks and citation omitted). "A factual finding is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Id.* (internal quotation marks and citation omitted). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.      Because Francisco-Diego does not discuss any arguments in the opening brief relating to the BIA's conclusions on the IJ's denial of her asylum and withholding of removal claims, we deem these issues waived and we will not review them. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.") (citations omitted).

---

[1]      The BIA properly noted that although Francisco-Diego's two children filed individual applications for relief and protection, they are derivative beneficiaries to Francisco-Diego's application, as well as that the children's individual applications are "based on the same set of facts as the mother." Accordingly, we only refer to Francisco-Diego and her application.

2.     Substantial evidence supports the BIA's conclusion that Francisco-Diego is not entitled to CAT protection because she failed to establish that "it is more likely than not that . . . she would be tortured," 8 C.F.R. § 1208.16(c)(2), by or with the consent or acquiescence of the Guatemalan government, § 1208.18(a)(1). With respect to the CAT claim, Francisco-Diego neglects to address the BIA's conclusion noting that the IJ found that because she "did not establish persecution, she is not able to establish 'torture,' a more severe concept." *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) ("[Torture] is more severe than persecution . . . ." (cleaned up)).

Francisco-Diego argues that the "IJ and BIA erred by failing to properly evaluate the testimony and the exhibits . . . ." The BIA and IJ "correctly analyzed" the CAT claim here, where the record evidence does not compel the conclusion that Francisco-Diego established a particularized risk of torture, but rather reflects that she and her two children have neither experienced past torture nor faced any specific threats of future torture since departing Guatemala. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029–30 (9th Cir. 2019) (concluding that the "IJ and BIA correctly analyzed [the petitioner's] CAT claim," where the record did not reflect the petitioner's past torture or any evidence of threats of petitioner's future torture "by or with the acquiescence of a public official"). The "IJ adequately considered all relevant evidence in his decision, as he specifically acknowledged . . . the facts

and circumstances reflected in [Francisco-Diego's testimony] and the country reports admitted in evidence." *Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007) (citation omitted). The BIA did "not have to write an exegesis on every contention. What is required is merely that it consider[ed] the issues raised, and announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (citation omitted).

"To the extent that [Francisco-Diego] asserts that the BIA . . . failed to consider some or all of her evidence, she has not overcome the presumption that the BIA did review the record." *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (citation omitted). Francisco-Diego "otherwise relies on generalized evidence" of violence and crime, "which is insufficient for protection under CAT." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (citation omitted).

**PETITION FOR REVIEW DENIED.**